BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700



FILED

APR 1 9 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 2:09-CR-00533 FCD |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| v. | ) | |
| | ) | |
| BRITTNEY MONIQUE BEACHAM | ) | DATE: April 19, 2010 |
| Defendant. | ) | TIME: 10:00 a.m. |
| | ) | COURT: Hon. Frank C. Damrell |

**I.**

**INTRODUCTION**

**A.   Scope of Agreement**: The Information in this case charges the defendant with a violation of 18 U.S.C. § 4, Misprision of a Felony.   This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.   Court Not a Party:** The Court is not a party to this Plea

1

Agreement.  Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement.  If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A.  Guilty Pleas:** The defendant will plead guilty to the single count of the Information.  The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**1.  Waiver of Indictment:** The defendant agrees that, at the entry of plea proceeding, she will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

**B.  Restitution**: The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. In addition to that restitution, the defendant agrees that the Court may order full restitution to any person who would qualify as a victim of a qualifying offense under 18 U.S.C. § 3663 or 3663A.

Payment should be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that she will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

C. **Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if she fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, she agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

D. **Agreement to Cooperate:** The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this agreement, cooperation does require the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the

<u>United States v. Beacham</u>
2:09-CR-00533 FCD
Plea Agreement

government the existence and status of all money, property, or
assets, of any kind, derived from or acquired as a result of, or
used to facilitate the commission of, the defendant's illegal
activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the
defendant's statements or testimony prove to be knowingly false,
misleading, or materially incomplete, or if the defendant otherwise
violates this Plea Agreement in any way, the government will no
longer be bound by its representations to the defendant concerning
the limits on criminal prosecution and sentencing as set forth
herein.  The determination whether the defendant has violated the
Plea Agreement will be under a probable cause standard.  If the
defendant violates the Plea Agreement, she shall thereafter be
subject to prosecution for any federal criminal violation of which
the government has knowledge, including but not limited to perjury,
false statements, and obstruction of justice.  Because disclosures
pursuant to this Plea Agreement will constitute a waiver of the
Fifth Amendment privilege against compulsory self-incrimination, any
such prosecution may be premised on statements and/or information
provided by the defendant.  Moreover, any prosecutions that are not
time-barred by the applicable statute of limitations as of the date
of this Plea Agreement may be commenced in accordance with this
paragraph, notwithstanding the expiration of the statute of
limitations between the signing of this Plea Agreement and the
commencement of any such prosecutions.  The defendant agrees to
waive all defenses based on the statute of limitations or delay of
prosecution with respect to any prosecutions that are not time-

1   barred as of the date of this Plea Agreement.

2       If it is determined that the defendant has violated any
3   provision of this Plea Agreement or if the defendant successfully
4   moves to withdraw her plea:  (1) all statements made by the
5   defendant to the government or other designated law enforcement
6   agents, or any testimony given by the defendant before a grand jury
7   or other tribunal, whether before or after this Plea Agreement,
8   shall be admissible in evidence in any criminal, civil, or
9   administrative proceedings hereafter brought against the defendant;
10  and (2) the defendant shall assert no claim under the United States
11  Constitution, any statute, Rule 11(f) of the Federal Rules of
12  Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or
13  any other federal rule, that statements made by the defendant before
14  or after this Plea Agreement, or any leads derived therefrom, should
15  be suppressed.  By signing this Plea Agreement, the defendant waives
16  any and all rights in the foregoing respects.

17                                III.

18                    **THE GOVERNMENT'S OBLIGATIONS**

19      **A.   Dismissals:** The government agrees to move, at the time of
20  sentencing, to dismiss without prejudice the pending Indictment as
21  it relates to this defendant.   The government also agrees not to
22  reinstate any dismissed count except as provided in Parts II.D and
23  VII.B of this Plea Agreement.

24      **B.   Recommendations:**

25          **1.   Incarceration Range:** The government will recommend
26  that the defendant be sentenced to the low end of the applicable
27  guideline range for her offense as determined by the United States

28

Probation Office.  In the event that the United States Probation Office recommends a sentence below the applicable guideline range, the government will not oppose that recommendation.

**2.  Acceptance of Responsibility:** If the United States Probation Office determines that a reduction in defendant's offense level for her full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**3.  Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% or more of the applicable guideline sentence if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1.  The defendant understands that she must comply with Part II.D of this Plea Agreement.  The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.  The defendant understands that the government may recommend a reduction in her sentence of less than 50% or no reduction at all, depending upon the level of assistance the government determines that the defendant has provided.  The defendant further understands that a motion pursuant

to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this Plea Agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this Plea Agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion.  In particular, the defendant agrees not to try to file a motion to withdraw her plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following her sentencing, the government may move for a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

**C.   Limitation on Use of Information For Sentencing:** Other than as set forth above, the government agrees that any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8.

///
///
///
///
///
///
///
///
///

7                        United States v. Beacham
                                     2:09-CR-00533 FCD
                                     Plea Agreement

///

## IV.

### ELEMENTS OF THE OFFENSE

**A.    Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the elements of the offense to which the defendant is pleading guilty.   Those elements are as follows:

      1.    The defendant had knowledge of the actual commission of a felony;

      2.    That felony was cognizable by the courts of the United States;

      3.    The defendant concealed her knowledge of that felony; and

      4.    The defendant did not report that felony to some judge or other person in civil or military authority under the United States.

## V.

### MAXIMUM SENTENCE

**A.   Maximum Penalty:** The maximum sentence that the Court can impose is three years of incarceration, a fine of $250,000, a one year period of supervised release and a special assessment of $100. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.   The defendant agrees that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty.   The defendant further agrees that  she will not attempt to discharge in

any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.   Violations of Supervised Release:** The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to one additional year of imprisonment.

## VI.

### SENTENCING DETERMINATION

**A.   Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 543 U.S. 220 (VI), 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set

1  forth in 18 U.S.C. § 3553(a).

2      **B.  Stipulations Affecting Guidelines Calculation:**  The

3  government and the defendant agree that there is no material dispute

4  as to the following sentencing guidelines variables and therefore

5  stipulate to the following:

6          **1.  Offense Level:**

7          (A) Base Offense Level: The base offense level is nine

8  levels lower than the offense level for the underlying offense, but

9  in no case is lower than four nor greater than 19.  U.S.S.G. §

10  2X4.1(a).  In this case, the underlying offense is a violation of 18

11  U.S.C. 1591, Sex Trafficking of a Minor.  The applicable guideline

12  for that offense is found at U.S.S.G. § 2G1.3.  The base offense

13  level is 34.  Id. at (a)(1).

14          (B) Specific Offense Characteristics:

15          i.    Two levels are added because a participant unduly

16  influences a minor to participate in a sex act.  Id. at (b)(2)(B).

17          ii.   Two levels are added because the offense involved the

18  commission of a sex act.  Id. at (b)(4)(A).

19          (C) Total Offense Level: Pursuant to U.S.S.G. § 2X4.1, the

20  total offense level for the violation of 18 U.S.C. § 4 is 19.

21          **2.  Adjustments:**

22          i.    The defendant was a minor participant in the

23  underlying offense.  See U.S.S.G. § 3B1.2(b).  As a result, two

24  levels are subtracted from her offense level.

25          ii.   Acceptance of Responsibility: See paragraph III(B)(2)

26  above.

27          **3.  Adjusted Offense Level:** The parties anticipate that

28

                              10           United States v. Beacham
                                           2:09-CR-00533 FCD
                                           Plea Agreement

1 the adjusted offense level will be 14.

2         **4.   Criminal History:** The defendant's criminal history
3 will be determined by the United States Probation Office.

4         **5.   Sentencing Range:** The defendant's sentencing range
5 will be determined by the United States Probation Office.

6         **6.   Departures or Other Enhancements or Reductions:** The
7 parties stipulate and agree that they will not seek or argue in
8 support of any other specific offense characteristics, Chapter Three
9 adjustments (other than the decrease for "Acceptance of
10 Responsibility"), or cross-references.   The defendant is permitted
11 to make an argument in mitigation pursuant to <u>United States v.</u>
12 <u>Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005) and 18 U.S.C. § 3553(a).
13 The government may respond to that argument in mitigation.

14                                 **VII.**

15                                **WAIVERS**

16    **A.   Waiver of Constitutional Rights:** The defendant understands
17 that by pleading guilty she is waiving the following constitutional
18 rights: (a) to plead not guilty and to persist in that plea if
19 already made; (b) to be tried by a jury; (c) to be assisted at trial
20 by an attorney, who would be appointed if necessary; (d) to subpoena
21 witnesses to testify on her behalf; (e) to confront and cross-
22 examine witnesses against her; and (f) not to be compelled to
23 incriminate herself.

24    **B.   Waiver of Appeal and Collateral Attack:** The defendant
25 understands that the law gives her a right to appeal her conviction
26 and sentence.   She agrees as part of her plea, however, to give up
27 the right to appeal the conviction and the right to appeal any

28

                           11        <u>United States v. Beacham</u>
                                      2:09-CR-00533 FCD
                                      Plea Agreement

aspect of the sentence imposed in this case so long as her sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables (that is, an adjusted offense level of 14 or below).  She specifically gives up her right to appeal any order of restitution the Court may impose.

Regardless of the sentence she receives, the defendant also gives up any right she may have to bring a post-appeal attack on her conviction or her sentence.  She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

Notwithstanding the agreement in part III.A above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision.  In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on

the Speedy Trial Act or the Speedy Trial Clause of the Sixth
Amendment.

      C.  **Waiver of Attorneys' Fees and Costs:** The defendant agrees
to waive all rights under the "Hyde Amendment," Section 617, P.L.
105-119 (Nov. 26, 1997), to recover attorneys' fees or other
litigation expenses in connection with the investigation and
prosecution of all charges in the above-captioned matter and of any
related allegations (including without limitation any charges to be
dismissed pursuant to this Plea Agreement and any charges previously
dismissed).

      D.  **Waiver of DNA Testing:** Defendant has been advised that the
government may have in its possession items of physical evidence
that could be subjected to DNA testing.  The defendant understands
that the government does not intend to conduct DNA testing of any of
these items.  Defendant understands that, before entering a guilty
plea pursuant to this Plea Agreement, she could request DNA testing
of evidence in this case.  The defendant further understands that,
with respect to the offense to which she is pleading guilty pursuant
to this Plea Agreement, she would have the right to request DNA
testing of evidence after conviction under the conditions specified
in 18 U.S.C. § 3600.  Knowing and understanding her right to request
DNA testing, the defendant knowingly and voluntarily gives up that
right with respect to both the specific items listed above and any
other items of evidence there may be in this case that might be
amenable to DNA testing.  The defendant understands and acknowledges
that by giving up this right, she is giving up any ability to
request DNA testing of evidence in this case in the current

proceeding, in any proceeding after conviction under 18 U.S.C.
§ 3600, and in any other proceeding of any type.  The defendant
further understands and acknowledges that by giving up this right,
she will never have another opportunity to have the evidence in this
case, whether or not listed above, submitted for DNA testing, or to
employ the results of DNA testing to support a claim that defendant
is innocent of the offense to which she is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding,
promise, or condition between the government and the defendant
exists, nor will such agreement, understanding, promise, or
condition exist unless it is committed to writing and signed by the
defendant, counsel for the defendant, and counsel for the United
States.

## IX.

### APPROVALS AND SIGNATURES

**A.   Defense Counsel:**  I have read this Plea Agreement and have
discussed it fully with my client.  The Plea Agreement accurately
and completely sets forth the entirety of the agreement.  I concur
in my client's decision to plead guilty as set forth in this Plea
Agreement.

DATED:   4|19|10

LEXI NEGIN
Attorney for Defendant

**B.   Defendant:**  I have read this Plea Agreement and carefully
reviewed every part of it with my attorney.  I understand it, and I

voluntarily agree to it.   Further, I have consulted with my attorney
and fully understand my rights with respect to the provisions of the
Sentencing Guidelines that may apply to my case.   No other promises
or inducements have been made to me, other than those contained in
this Plea Agreement.   In addition, no one has threatened or forced
me in any way to enter into this Plea Agreement.   Finally, I am
satisfied with the representation of my attorney in this case.

DATED: _____4/19/10_____          _____
                                  BRITTNEY MONIQUE BEACHAM
                                  Defendant

     **C.   Attorney for United States:**   I accept and agree to this
Plea Agreement on behalf of the government.

DATED: _____4/19/10_____          KYLE REARDON
                                  United States Attorney


                                  By: _____
                                      KYLE REARDON
                                      Assistant U.S. Attorney


                        15        United States v. Beacham
                                  2:09-CR-00533 FCD
                                  Plea Agreement

**EXHIBIT "A"**

**Factual Basis for Plea**

The parties agree that if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On or about September 1, 2009, "A.A.," a runaway from Sacramento, California met the defendant, Deandre Lornell Brown, and Q.M.  The defendant and Q.M. worked as prostitutes for Brown.  Brown agreed to give "A.A." a ride.  While in the car, Brown and "A.A." discussed prostitution; including the fact that "A.A." worked as a prostitute.  "A.A." also told Brown that she was 19 years old.

Shortly thereafter, Brown told "A.A." that she was going to go with him and that he was going to be her pimp.  At this point, "A.A." told Brown, the defendant, and Q.M. that she was 16 years old and that she did not want to work for Brown.  Nonetheless, Brown drove "A.A.," the defendant, and "Q.M." to an apartment where they spent the night.

The next morning, Brown told the defendant and "Q.M." that "A.A." was going to work with them as prostitutes on Stockton Boulevard in Sacramento, California.  The defendant and "Q.M." provided clothing and makeup for "A.A."  In addition, the defendant, using money provided to her by Brown, bought new shoes for "A.A." to wear while she worked as a prostitute.  "A.A." was instructed to refer to Brown and "Papa" and was told to give all of the money that she made prostituting to the defendant.

After several days working as a prostitute for Brown, the defendant and "Q.M." took provocative photographs of "A.A." with

16                         <u>United States v. Beacham</u>
                          2:09-CR-00533 FCD
                          Plea Agreement

1 "Q.M.'s" cell phone.  These images were then forwarded to the
2 defendant's email.  From there, the photos were uploaded by the
3 defendant to sfredbook.com, a known prostitution web site.  As a
4 result of these online advertisements, "A.A." committed multiple
5 acts of prostitution at a motel in Sacramento, California.

6      "A.A." worked for Brown until September 13, 2009.  During the
7 time that "A.A." worked for Brown, she gave some of the money that
8 she earned to the defendant, who then gave that money to Brown.
9 Brown provided money to the defendant to purchase food and clothing
10 for herself and "A.A.".

11      During the time that "A.A." was with Brown, he anally raped her
12 on two occasions.  He also forced her to have sex with the defendant
13 and "Q.M." while he watched.  Brown punched "A.A." during the sex
14 act with the other girls because she told him she did not want to do
15 it.  He also whipped her with a computer cord after she failed to
16 coil it properly.

17      On or about September 12, 2009, "A.A." ran away from Brown.
18 Shortly thereafter, she was found working independently as a
19 prostitute on Stockton Boulevard.  Brown sent the defendant and
20 "Q.M." to retrieve "A.A." back to him.  "A.A." went with the
21 defendant and "Q.M." back to Brown's apartment to retrieve some
22 clothes that she had left there.  While at the apartment, Brown
23 punched the defendant twice in the face, leaving a one-inch
24 laceration above her eye.  "A.A." fled to a nearby Jack-in-the Box
25 where she was found by police.

26      The defendant was aware that it was a crime to prostitute a
27 minor.  In spite of this fact, the defendant concealed her knowledge
28

17     <u>United States v. Beacham</u>
2:09-CR-00533 FCD
Plea Agreement

1  of the crime and did not report that felony to a judge or other

2  person in civil or military authority under the United States.