J. Toney
Attorney at Law
State Bar No. 43143

P.O. Box 1515
Woodland, California 95776
(530) 666-1908
yoloconflict@aol.com

Attorney for Deandre Brown

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) Cr. No. 09-533 FCD<br>)<br>) OBJECTIONS TO PRE-SENTENCE |
| v. | ) REPORT AND REPLY TO<br>) GOVERNMENT OBJECTIONS |
| DEANDRE BROWN | ) (February 28, 2010 at 10:00<br>) before Judge Damrell<br>) |
| Defendants. | ) |

The following is in response to the Government's Objections to the pre-sentence report filed December 20, 2010 and the revised pre-sentence report received January 31, 2011.

1. An adjustment for vulnerable victim should not apply. Both AA and QM were prostitutes before and after involvement with Brown. AA had a serious juvenile delinquency record and was a run-away at the time she met Brown. She initially wanted to join Brown, Brittany and Quiana and lied about her age at first. It is also noteworthy that she lied at trial and was, when last heard about, a fugitive.

2. An adjustment for obstruction should not apply. It is conceded that Brown attempted to have Brittany falsely claim that she was

1

person who hit AA.  However, Brown not only abandoned this attempt, but also personally told Brittany to testify consistent with the truth in order to allow her to reap the benefits of her plea agreement.  This unusual reversal was due to Brittany s continued affection for Brown.  She wrote to him asking if she should testify in a consistent manner with the facts; Brown approved and she then entered into the plea agreement which resulted in a sentence of time served.  This situation is distinguishable from cases where an attempt to obstruct did not work due only to other evidence. It is also relevant that Brown did not testify at trial and did not attempt to have others testify gfalsely for him.

3. The unsolicited letter from Elizabeth Holmes should be disregarded.  This letter, filed on December 21, 2010 is not from a victim or relative of a victim.  It attempts to analogize a totally different set of facts that do not apply.  We submit she has no standing to influence this sentence.

4. The extreme disparity among the responsible parties should be taken into account.  Brittany Beachum cooperated and was sentenced to time served.  Quiana Morris, who could also have been charged, was never indicted.

Conceding that a great disparity in responsibility exists, the amount of this variance should mitigate sentence.  The reality is that in the culture that these people were in prostitutes and pimps are co-dependant. A sentence at the mandatory minimum of fifteen years would suffice to meet the ends of Section 3553a.

Conclusion.  The Defendant has written to the Court with an apology for his behavior.  Although he elected to go to trial,

2

he did not attempt more than putting the Government to their task of proving it s case.  This case is not markedly different that other cases when the Defendant accepted responsibility before trial.  As noted in the pre-sentence report, those cases resulted in sentences of 168 to 235 months. In view of the background of the victims, a sentence of not more than 240 months is requested.
Dated February 14, 2010.

Respectfully submitted,

                                                                     /s/ J TONEY

                                                                      J Toney

                                                          Attorney for Defedndant

4